**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roan Ciardi and Bianca Ciardi, husband and wife,<br><br>    Plaintiff,<br><br>vs.<br><br>The Lending Company, Inc.; Bank of America, National Association, also known by its subsidiaries in this case, BAC Home Loans, Inc., f/k/a Countrywide Home Loans, Inc.; BAC Home Loans Servicing, f/k/a Countrywide Home Loans Servicing, LP; Recontrust Company, a/k/a Recontrust Company, N.A.; Mortgage Electronic Registration Systems, Inc.,<br><br>    Defendants. | No. CV 10-0275-PHX-JAT<br><br>**ORDER** |

    Pending before the Court are Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. # 8); Defendants' Motion to Vacate Temporary Restraining Order (Doc. 13); and Plaintiffs' Application for Temporary and Permanent Injunction (Doc. # 15). For the reasons that follow, the Court grants Defendants' motion to dismiss and motion to vacate temporary restraining order, but denies Plaintiffs' application for temporary and permanent injunction.

///

///

# I. Background

In December 2005, Plaintiff Bianca Ciardi borrowed $270,500 from The Lending Company for the purpose of purchasing real property. Plaintiff Bianca Ciardi also executed a promissory note and a deed of trust. Shortly thereafter, Plaintiffs' note was sold.

Eventually, Plaintiffs defaulted on their note and their home was nearing auction in a non-judicial trustee's sale. Plaintiffs filed the present action in Maricopa County Superior Court seeking to preclude the trustee's sale. Plaintiffs sought and were awarded a temporary restraining order ("TRO") without notice. Defendants removed to this Court, and now seek to have the TRO dissolved and Plaintiffs' first amended complaint dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6).

# II. Analysis

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. At 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the plaintiff and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Moreover, the Ninth Circuit has pronounced a "policy of liberal construction in favor of *pro se* litigants." *Rand v. Rowland,* 154 F.3d 952, 957 (9th Cir. 1998). This Court must construe Plaintiffs' complaint liberally and afford Plaintiffs the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't,* 839 F.2d 621, 623 (9th Cir. 1988). However, the status of pro se "does not relieve the party of the burden of alleging sufficient facts on which a recognized legal claim could be based. Bald assertions and conclusions of law will not suffice." *Kerr v. Wanderer & Wanderer,* 211 F.R.D. 625, 629 (D. Nev. 2002) (citation omitted).

With these standards in mind, the Court notes that Plaintiffs' amended complaint is not the model of clarity. Plaintiffs do not allege any specific causes of action, and much of their amended complaint is simply a narrative concerning the mortgage securitization industry. Nevertheless, in reading and analyzing Plaintiffs' amended complaint, the Court rules as follows.

Plaintiffs assert throughout their amended complaint that Defendants are precluded from enforcing the deed of trust because Defendants are not holders in due course of Plaintiffs' note. This precise argument has been addressed several times over in this district and in other district courts within the Ninth Circuit that have similar statutes permitting non-judicial trustee's sales. The Court finds the reasoning in *Diessner v. Mortgage Electric Registration Services* particularly persuasive:

> Diessner specifically requests the court to declare that MERS and Aurora "are not entitled to enforce the underlying promissory Note described in the security instrument" and "have no legal claim to title on the subject property." Count one is based on Diessner's argument that "[u]nder the law of negotiable instruments as codified in the Uniform Commercial Code (codified in Arizona at A.R.S. § 47-3101, *et al.*), a purported Note holder who is not in possession of the original negotiable instrument is not entitled to enforce it."
>
> Diessner does not cite, nor is the court aware of, any controlling authority providing that the cited UCC section applies in non-judicial foreclosure proceedings in Arizona. To the contrary, district courts "have routinely held that Plaintiff's 'show me the note' argument lacks merit." Furthermore, Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings. Because this action involves the non-judicial foreclosure of a real estate mortgage under an Arizona statute which does not require presentation of the original note before commencing foreclosure proceedings, count one of plaintiff's complaint fails to state a claim upon which relief may be granted.

618 F.Supp.2d 1184, 1187 (D. Ariz. 2009) (footnotes omitted). *See also Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1181 (D. Ariz. 2009) (rejecting similar "show me the note" argument and collecting cases with similar holdings). To the extent Plaintiffs' amended complaint relies upon a "show me the note" theory, Plaintiffs' amended complaint fails.

Plaintiffs argue that the deed of trust has been "rendered fatally defective" because it was severed from the promissory note. (Doc. # 15 at p. 13.) Hence, "the foreclosure clause in the Deed of Trust cannot be triggered, because the Debt Obligation has been reduced to an unsecured note." (*Id.*) Plaintiffs, however, fail to allege any facts in their amended complaint that would support such a theory. Indeed, the very language of the deed of trust, which Plaintiffs quote in their amended complaint, states that MERS will serve as the nominee for the original lender as well as the original lender's successors and assigns.

1  Thus, from the very language of the deed of trust, to which Plaintiff Bianca Ciardi agreed to
2  in entering into the home loan transaction, MERS is still acting as the nominee for the current
3  holder of the promissory note. Plaintiffs have failed to allege any facts suggesting that
4  MERS is not the nominee of the current owner of the promissory note; nor do Plaintiffs
5  allege any facts supporting their assertion that the promissory note and the deed of trust have
6  been bifurcated. For these reasons, Plaintiffs' argument fails.

7  Plaintiffs also argue that MERS is not a valid beneficiary entitled to initiate
8  foreclosure. Again, Plaintiffs ignore the language of the deed of trust, which Plaintiff Bianca
9  Ciardi freely entered into. The deed of trust, as quoted in Plaintiffs' amended complaint,
10 designates MERS as the beneficiary and authorizes MERS to take any action to enforce the
11 loan, including the right to foreclose and sell the property. To the extent Plaintiffs rely on
12 a theory that the beneficiary must have an interest in the actual note, Plaintiffs have failed
13 to cite any law so requiring. Further, Plaintiffs have failed to allege any facts or otherwise
14 explain how the mere listing of MERS as the beneficiary renders the deed of trust invalid.
15 Because the deed of trust explicitly states that MERS is the beneficiary with the authority to
16 foreclose and sale the property, the Court finds Plaintiffs' arguments unavailing.

17 Plaintiffs also allege a number of violations of Arizona statutes regarding the
18 recording of certain loan documents. However, Plaintiffs have failed to cite any Arizona
19 statute that requires the recording of a promissory note or even the assignment of a
20 promissory note. Relatedly, Plaintiffs fail to cite a basis in law for their assertion that an
21 assignment of a deed of trust must be recorded in order to be valid. Moreover, the statutes
22 Plaintiffs do cite relate to protecting bona fide purchasers, and not the original borrower.

23 Plaintiffs' next assert that Defendants' failure to disclose the assignments of the
24 promissory note and the separate agency contracts between MERS and each successor lender
25 somehow nullifies MERS status as the beneficary. Plaintiffs have failed to allege any facts
26 supporting their conclusion that such agency contracts do not exist. Moreover, as discussed
27 above, the language in the deed of trust confers an agency relationship between MERS and
28

the original and successive lenders without the need to produce a separate agency contract each time the promissory note is sold.

### III. Conclusion

The Court has reviewed Plaintiffs' amended complaint. Even considering Plaintiffs' pro se status and, in so doing, construing Plaintiff's amended complaint liberally, the Court finds that Plaintiffs have failed to state a claim upon which relief may be based. Plaintiffs are seeking a preliminary injunction to halt the planned foreclosure of Plaintiffs' home. However, in order to obtain preliminary injunctive relief, the moving party must show a likelihood of success on the merits. *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 376 (2008). Because the Court finds that Plaintiffs' amended complaint fails for a failure to state a claim, Plaintiffs have failed, necessarily, of showing a likelihood of success on the merits. As such, the Court denies Plaintiffs' request for a preliminary injunction.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. # 8) is granted.

**IT IS FURTHER ORDERED** that Defendants' Motion to Vacate Temporary Restraining Order (Doc. # 13) is granted. In light of the Court's decision to grant Defendants' motion to dismiss, the temporary restraining order entered in this case by the Maricopa County Superior Court is vacated.

**IT IS FURTHER ORDERED** that Plaintiffs' Application for Temporary and Permanent Injunction (Doc. # 15) is denied.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall dismiss this case with prejudice.

DATED this 24th day of May, 2010.

James A. Teilborg
United States District Judge